Mulyono v. Holder

BIA
Nelson, IJ
A097-586-583

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of May, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges.*

─────────────────────────────────────

MARTHA MULYONO,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

─────────────────────────────────────

09-1069-ag
NAC

FOR PETITIONER: Vincent S. Wong, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Arthur L. Rabin, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Martha Mulyono, a native and citizen of Indonesia, seeks review of a February 23, 2009 order of the BIA, affirming the February 14, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum and withholding of removal. *In re Martha Mulyono*, No. A097 586 583 (B.I.A. Feb. 23, 2009), *aff'g* No. A097 586 583 (Immig. Ct. N.Y. City Feb. 14, 2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

1.  Asylum and Withholding of Removal

We identify no error in the agency's conclusion that, even when considered cumulatively, the past harms Mulyono

alleged did not rise to the level of persecution.  *See*
*Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41
(2d Cir. 2006) (noting that harm must be sufficiently severe
and rise above "mere harassment" to be deemed persecution);
*Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005);
*see also Lie v. Ashcroft*, 396 F.3d 530, 535-36 (3d Cir. 2005)
(holding that isolated criminal attacks do not constitute
persecution); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th
Cir. 2004) (same); *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.
1993) ("[P]ersecution does not encompass all treatment that
our society regards as unfair, unjust, or even unlawful or
unconstitutional.").

Having failed to demonstrate that she suffered past
persecution, Mulyono was not entitled to a presumption of a
well-founded fear or likelihood of future persecution.  *See* 8
C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).  The BIA reasonably
concluded that Mulyono did not satisfy her burden of
establishing such a fear or likelihood.  In particular, it
noted that the 2005 Country Report for Indonesia indicated
that the government officially promotes racial and ethnic
tolerance and that incidents of discrimination and harassment
have declined in comparison to previous years.  It also noted

3

that because Mulyono's mother and siblings apparently lived and worked in Indonesia without incident, it was reasonable to conclude that Mulyono could relocate within Indonesia to avoid the harms that she feared. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding claim of well-founded fear weakened where asylum applicant's mother and daughters continued to live in applicant's native country without harm).  In sum, substantial evidence supports the agency's determination that Mulyono lacked a well-founded fear of persecution.

While Mulyono contends that the agency failed adequately to consider the evidence she submitted, the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" to satisfy its obligation to consider all relevant evidence. *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted).  Instead, "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).  Here, there is no indication that the agency failed to consider any evidence in the

4

record. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir. 2002). Accordingly, the BIA properly concluded that Mulyono did not meet her burden of proof in establishing her eligibility for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

2. <u>CAT Relief</u>

Because Mulyono failed to challenge the IJ's denial of CAT relief before the BIA, her CAT claim is unexhausted. We therefore lack jurisdiction to consider any argument that she is entitled to such relief. *See* 8 U.S.C. § 1252(d)(1).

3. <u>Conclusion</u>

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5